**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1513-DOC (JDEx) Date: January 16, 2019

Title: SIMONA TANASESCU ET AL V. MATTHEW KREMER ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Deborah Lewman | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [151]**

Before the Court is Defendants Dorin Coroian, Mirela Mousoiu, Cristian Coroian, Adrian Coroian, and Zoe Cristina Suciu's (collectively, "moving Defendants") Motion for Judgment on the Pleadings ("Motion") (Dkt. 151). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS Defendants' Motion.

## I. Background

### A. Facts

The Court adopts the following facts as set out in Plaintiff Simona Tanasescu ("Simona" or "Plaintiff") First Amended Complaint ("FAC") (Dkt. 19), as well as Plaintiff's Complaint ("2011 Complaint") and operative pleadings in the United States District Court, Central District of California case *Simona Tanasescu v. State Bar of*

*California et al.*, Case No. SA CV 11-00700-CJC (MAN) ("2011 Action"), of which the Court may and does take judicial notice.[1]

Plaintiff and her then-husband, Danut P.I. Tanasescu ("Danut") were married in 1985. FAC ¶ 1. Plaintiff's sister, Defendant Mirela Mousoiu ("Mirela"), Mirela's husband Defendant Dorin Coroian ("Doroian") and their children, Defendant Cristian Coroian ("Cristian") and Defendant Adrian Coroian ("Adrian") (collectively, "Coroian family") came to the United States from Romania in 1998. 2011 Complaint ¶¶ 10–15; FAC ¶¶ 18–19. Mirela and Dorin used emotional extortion and manipulation, blackmail and threats to coerce Danut to marry Mirela and Simona to marry Dorin. FAC ¶ 3. Specifically, Mirela and Dorin coerced Simona and Danut into "sham" cross-marriages so that Mirela, Dorin, and their children could unlawfully gain immigration status and green cards in the United States rather than return to Romania. *Id.* The sham cross-marriages caused Danut and Simona to feel "suppressed, oppressed and confined to live deprived of basic life liberties and freedom to make [their] own choices for their real family." *Id.* ¶ 5.

In June 2003, the Coroian family moved out of Simona and Danut's home. *Id.* ¶ 6. After the Coroian family received green cards in April 2006, they moved and went into hiding from Simona and Danut. *Id.* at 7. Defendant Zoe Cristina Suciu ("Zoe") helped the Coroians go into hiding from Simona and Danut. *Id.* at 20. In 2007, Dorin filed a petition for dissolution of his marriage to Simona in San Diego Superior Court. FAC 60–64; 2011 Complaint ¶¶ 42–44. The San Diego Superior Court granted a default judgment of dissolution in 2008. FAC ¶ 74; 2011 Complaint ¶¶ 65–75. Mirela also filed a petition in Los Angeles Superior Court for dissolution of her marriage to Danut, and the Los Angeles Superior Court granted dissolution of the marriage in 2009. FAC ¶¶ 78, 97; 2011 Complaint 46–47, 110.

Plaintiff brings the following claims against the moving Defendants: claim one, violation of RICO, 18 U.S.C. § 1962(c); claim two, conspiracy to violate RICO, 18 U.S.C. § 1962(d); claim three, Slander and Defamation per se, under Cal. Civil Code §§ 45, 46; claim four, conspiracy to violate the First Amendment and Fourth Amendment

---

[1] The Court adopts the finding of Magistrate Judge John D. Early that, "[t]he Court has reviewed the allegations in the FAC and finds that the primary underlying allegations in the operative pleadings in 2011 Action, at least until 2011, are generally the same as those in the FAC." *See* Report and Recommendation of United States Magistrate Judge John D. Early (Dkt. 117). Accordingly, the Court takes judicial notice of all filings in the 2011 Action, as under Federal Rule of Evidence 201, a court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record").

rights of Plaintiff's minor child, pursuant to 42 U.S.C. § 1985; claim nine, Tortious Inducement of Breach of Contract; claim ten, Tortious Inducement of Breach of Contract; claim eleven, Intentional Infliction of Emotional Distress from Jan. 1999 through April 2006; claim twelve, Intentional Infliction of Emotional Distress from April 2006 to date; claim fourteen, Permanent Injunction Modifying the Dissolution to a Nullity of Marriage, as against Dorin; and claim fifteen, Permanent Injunction Modifying the Dissolution to a Nullity of Marriage, as against Mirela, Cristian and Adrian.

**B. Procedural History**

Plaintiff filed the instant action (Dkt. 1) on behalf of herself and her minor daughter, S.T., on August 31, 2017. Plaintiff filed the First Amended Complaint ("FAC") (Dkt. 19) on December 27, 2107, naming as Defendants Matthew Kremer, Dorin Coroian, Mirela Mosoiu, Cristian Coroian, Adrian Coroian, Zoe Cristina Suciu, Robert K. Johnson, the Office of Robert K. Johnson, E. Daniel Bors Jr., E. Daniel Bors III, Jeffrey H. Sherter, the United States, and State Bar of California.

On November 6, 2017, the Court entered an order (Dkt. 15) denying Plaintiff's motions to appoint a guardian ad litem on behalf of S.T., denying Plaintiff's request for appointment of counsel for S.T., and dismissing the claims purportedly brought on behalf of S.T. On March 2, 2018, Plaintiff filed a Motion for Consideration, supporting Memorandum, and Declaration (Dkt. 76–78). On May 15, 2018, the Court accepted the Report and Recommendation of Magistrate Judge John D. Early (Dkt. 103) and reaffirmed that the claims against S.T. were dismissed (Dkt. 129).

On March 5, 2018, Defendant United States filed a Motion to Dismiss (Dkt. 79). On May 18, 2018, the Court accepted the Report and Recommendation of Magistrate Judge John D. Early (Dkt. 105) and dismissed with prejudice the action as to Defendant United States (Dkt. 130).

On May 18, 2018, the Court accepted the Report and Recommendation of Magistrate Judge John D. Early (Dkt. 117) and dismissed with prejudice the action as to Defendants Jeffrey H. Sherter, Matthew Kremer, and Law Officers of Matthew Kremer (Dkt. 131).

On June 15, 2018, the Court accepted the Report and Recommendation of Magistrate Judge John D. Early (Dkt. 134) and dismissed with prejudice the action as to Defendant The State Bar of California (Dkt. 138).

On December 5, 2018, Defendants Dorin Coroian, Mirela Mosoiu, Cristian Coroian, Adrian Coroian, and Zoe Cristina Suciu ("moving Defendants") filed the instant Motion for Judgment on the Pleadings ("Mot.") (Dkt. 151). On December 27, 2018, Plaintiff opposed ("Opp'n") (Dkt. 156). On January 7, 2019, moving Defendants replied ("Reply") (Dkt. 158).

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and alteration omitted). Like a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *See id.* Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing").

Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(c) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks

omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient" to defeat a motion for judgment on the pleadings. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## III. Discussion

Defendants moves for judgment on the pleadings on the basis that nearly all of Plaintiff's claims are barred by the applicable statute of limitations, the claims seeking injunctive relief are not causes of action, and the FAC fails to comply with Rule 8 pleading requirements with respect to Defendants Cristian Coroian, Adrian Coroian, and Zoe Cristina Suciu. *See generally* Mot. Plaintiff argues the Complaint alleges that Cristian, Adrian, and Zoe participated in the alleged RICO enterprise. Opp'n at 30–33.

### A. Statute of Limitations for Plaintiff's Claims

The moving Defendants argue that the applicable statutes of limitations bar all of Plaintiff's substantive claims. Mot. at 14–15. Plaintiff argues that equitable tolling applies to the RICO claims and that the remaining claims are not barred by the statutes of limitations. Opp'n at 6–20.

The statute of limitations for a civil RICO claim is four years and the limitations period begins when a plaintiff knows or "should know of the injury that underlies his cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2011). *See also Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996). Equitable tolling may apply to the RICO limitations period "where a pattern [of racketeering activity] remains obscure in the face of a plaintiff's diligence in seeking to identify it." *Rotella v. Wood*, 528 U.S. 549, 561 (2000).

The federal court "borrow" the limitations and tolling rules from the forum state for federal civil rights claims. *Hardin v. Straub*, 490 U.S. 536 (1989). The statute of limitations for a personal injury claim in California is two years, and federal courts apply that limitations period for civil rights claims allegedly arising in California. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). For a defamation action, there is a one-year statute of limitations, and the limitations period commences when the defendant communicates the defamatory statement to others. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1237 (2003). Under California law, a claim of breach of implied contract has a two-year statute of limitations, and tort claims have a two year statute of limitations. *Davies v. Krasna*, 14 Cal. 3d 502, 516 (1975); Cal. Civ. Code Section 339(1). A claim of

intentional infliction of emotional distress under California law has a two-year statute of limitations. *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 1118, 1127 (S.D. Cal. 2012).

The Court finds that the applicable statutes of limitations bar Plaintiff's claims against the moving Defendants. As noted by moving Defendants in the instant Motion and by Judge Early in an earlier Report and Recommendation the longest limitations period at issue in the FAC against moving Defendants is the four-year limitations period in the RICO statute. Mot. at 15; *see also* Report and Recommendation of Magistrate Judge John D. Early (Dkt. 117) at 20. Therefore, "absent tolling, if Plaintiff knew or should have known of each of her claims prior to August 31, 2013—four years prior to the institution of this action—all of her claims would be barred by the statute of limitations applicable to each claim." *Id.* Here, Plaintiff alleges that moving Defendants engaged in a RICO enterprise related to the named "sham marriages," and Plaintiff concedes the marriages between herself and Dorin, and Danut and Mirela, ended in dissolution in 2008 and 2009, respectively. FAC ¶¶ 3–5, 65–75, 78, 97. Accordingly, all of the conduct Plaintiff alleges in her FAC is barred by the four-year RICO statute of limitations as well as the statutes of limitations for a civil rights claim, defamation claims, breach of implied contract claims, tortious interference claims, and a claim of intentional infliction of emotional distress based on California law.

Plaintiff argues that equitable tolling applies to her claims against moving Defendants because moving Defendants defrauded her and because she only learned of what information was required in naturalizations as she prepared the complaint in this action. Opp'n at 14, 19. Moving Defendants argue that, by Plaintiff's own admission, she was aware of the facts and circumstances giving rise to her causes of action as of 2007. Reply at 5. Indeed, the FAC demonstrates Plaintiff's knowledge and awareness of moving Defendants' alleged conduct that is the subject of this action; in the FAC, Plaintiff describes being emotionally harmed by moving Defendants' conduct, as well as actively opposing the dissolution of the two marriages in question. *See* FAC ¶¶ 5, 65–75, 78, 97. The alleged activity was patently known to Plaintiff, and equitable tolling would not apply. *See Rotella*, 528 U.S. at 561. The applicable statutes of limitations thus bar Plaintiff's first, second, third, fourth, nine, tenth, eleventh, and twelfth claims, and the Court GRANTS moving Defendants' Motion to Dismiss as to these claims.

**B. Claims Seeking Injunctive Relief**

Moving Defendants argue that the remaining claims against them, claims fourteen and fifteen, should be dismissed because claims for injunctive relief are not valid causes of action, but instead are a remedy sought. Mot. at 15–17.

California courts have consistently held that injunctive relief is an equitable remedy and not an independent cause of action. *See Wong v. Jing*, 189 Cal. App. 4th 1354, 1360 n.2 (2010) ("[S]pecific performance and injunctive relief are equitable remedies and not causes of action for injures"); *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action" (internal citations omitted)). Further, a claim for declaratory or injunctive relief is ultimately a request for relief, and cannot remain where all underlying claims have been dismissed. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011); *Griffin v. Green Tree Servicing*, 166 F. Supp. 3d 1030, 1060 (C.D. Cal. 2015) (citing *Shaterian*, 829 F. Supp. at 888; *Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 WL 6140962, at *8 (C.D. Cal. Dec. 11, 2012)). Accordingly, Plaintiff cannot validly assert the stand-alone claims for injunctive relief in the FAC. The Court GRANTS moving Defendants' Motion to Dismiss as to Plaintiff's fourteenth and fifteenth claims against them.[2]

## IV. Disposition

For the foregoing reasons, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.

The Court DISMISSES WITH PREJUDICE the following claims as to the moving Defendants, Dorin Coroian, Mirela Mousoiu, Cristian Coroian, Adrian Coroian, and Zoe Cristina Suciu: claim one, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); claim two, conspiracy to violate RICO, 18 U.S.C. § 1962(d); claim three, Slander and Defamation per se, under Cal. Civil Code §§ 45, 46; claim four, conspiracy to violate the First Amendment and Fourth Amendment rights of Plaintiff's minor child, pursuant to 42 U.S.C. § 1985; claim nine, Tortious Inducement of Breach of Contract; claim ten, Tortious Inducement of Breach of Contract; claim eleven, Intentional Infliction of Emotional Distress from Jan. 1999

[2] Moving Defendants also argue that Plaintiff's FAC "fails to provide any coherent claims or facts setting forth any wrongful acts" of Defendants Cristian Coroian, Adrian Coroian, or Zoe Cristina Suciu, and thus Defendants cannot frame a meaningful responsive pleading. Mot. at 18. The Court need not reach this argument as it grants moving Defendants' Motion on other grounds.

through April 2006; claim twelve, Intentional Infliction of Emotional Distress from April 2006 to date; claim fourteen, Permanent Injunction Modifying the Dissolution to a Nullity of Marriage, as against Dorin Coroian; and claim fifteen, Permanent Injunction Modifying the Dissolution to a Nullity of Marriage, as against Mirela Mousoiu, Cristian Coroian, and Adrian Coroian.

The Clerk shall serve this minute order on the parties.